Tbe opinion of tbe Court was delivered by
MüNRO, J.
ANe can perceive no such discrepancy between tbe defendant’s discount, and tbe evidence that was adduced to sustain it, as was calculated to take tbe plaintiff by surprise, and therefore proceed at once to tbe consideration of tbe plaintiff’s second objection; which is, that, unliquidated damages arising out of an independent contract, are not admissible by way of discount, under tbe Act of 1759.
A defence which arises out of tbe plaintiff’s cause of action, can with no sort of propriety be termed a discount, or set-off. Technically'speaking, a discount is a counter demand, which tbe defendant bolds against tbe plaintiff, arising out of a transaction extrinsic to tbe plaintiff’s cause of action. j It is true, that failure of consideration, a defence which arises out of the plaintiff’s cause of action, as for instance, a deficiency in the quantity, or a defect in the quality of a com-' modify sold; and that which is the subject matter of discount, technically so called, are not unfrequently confounded, and *321 no small amount of dicta to that effect is to be found in our own reported cases. Tbe distinction between these two modes-of defence is, however, well taken by Judge Nott, in the case of Lightner ads. Martin, 2 McC., 214, where he says — “ The defence of unsoundness of property which is allowed to be set-off against a note of hand, or a bond, is usually, but I think improperly, considered a set-off. A set-off means a counter demand which the defendant has against the plaintiff; and although our set-off Act is very comprehensive in its terms, (embracing every cause, matter or thing,) yet it has always been restricted in its construction to damages arising on contracts.”
But it is argued, that nothing but liquidated damages are admissible under our discount Act.
■ If by the phrase “liquidated damages” or “liquidated demands,” it be meant, that nothing can be set up as a discount, except a bond, a note, or an ascertained debt due from the plaintiff to the defendant, then is'the remark of Judge Nott, as to the comprehensiveness of our discount Act, founded in error. Certain it is, that nothing can be found, either in the language of the Act, or in the practice of our Courts, to prevent such a construction. On the contrary, it has never been doubted, but that to an action, either upon a liquidated, or unliquidated demand, it was competent for the defendant to set up in discount, a demand for work and labor, or services rendered, founded upon a quantum meruit. If.then it be competent for a defendant to rely upon such unliquidated demand, what good reason can be assigned for excluding a claim for damages arising out of the plaintiff’s failure to. perform a similar undertaking.
Without affirming that any matter arising ex contractu may be the subject of discount; this much we may venture to affirm:
1. Neither the cause of action, nor the discount must be the offspring of a tort, but must arise ex contractu.
*322 2. They must be mutually subsisting demands, at the time the action is brought.
As this view may seem to conflict with what is said in the case of Gibbes vs. Mitchell, 2 Bay, 351, it may be proper to notice it more particularly. In speaking of the discount Act, it is said, “ The discount law never meant, that torts, trespasses, or any unascertained damages, should be- set off. That it contemplated debts, dues, and demands of a pecuniary nature, or something springing out of a contract, where there were mutual covenants, which depended one upon the other, and no other kinds of discounts had ever been offered, or allowed in our Courts of justice.’’
Now the discount that was set up in that case, consisted of three items, two of which were for torts, and the third for money had and received; and the only question the Court was called upon to decide, and the only one which it professed to decide, was, that the demand for money had and received was admissible as a discount, but that the torts were not; so that all that is said about unascertained damages, and mutual covenants, is purely obiter.
We are therefore of opinion, that the defendant’s discount was clearly admissible under the Act of 1759, so that the plaintiffs motion must be dismissed; and it is so ordered.
O’Neall, Wardlaw, Withers, and Whither, JJ., concurred.

Motion dismissed.